### GEORGE J. TURNER,
*Appellant,*

*v.*

### Manfred (Fred) MAASS,
*Respondent.*

### (89-C-11190; CA A68121)

831 P2d 703

John E. Storkel, Salem, argued the cause for appellant. On the brief was Noel Grefenson, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Petitioner filed a petition for post-conviction relief, alleging ineffective assistance of counsel at his trial. Defendant moved for summary judgment, claiming that the petition was barred by laches. The trial court granted the motion and dismissed the petition with prejudice. Petitioner appeals. We reverse and remand.

Petitioner was convicted in 1976 and is incarcerated in the Oregon State Penitentiary. He filed this petition for post-conviction relief on June 28, 1989, before new amendments to the Post-Conviction Hearing Act became effective.[1] At that time, ORS 138.510(2) said:

> "A petition pursuant to [ORS 138.510 to ORS 138.680] may be filed *without limit in time.*" (Emphasis supplied.)

Defendant argues that the doctrine of laches applies to post-conviction hearings and that, because petitioner's delay was unreasonable and prejudiced the state, the petition should be barred. It concedes that, under ORS 138.510(2), it is not statutorily time-barred.

At the relevant time, ORS 138.510(2) codified existing law by placing no time limit on the filing of post-conviction petitions. In *Huffman v. Alexander*, 197 Or 283, 329, 251 P2d 87 (1953), a *habeas corpus* proceeding challenging the validity of the plaintiff's waiver of his constitutional right to be indicted by grand jury, the court said:

> "The trial court may consider all of the relevant circumstances. In weighing the testimony of the plaintiff it may consider whether there has been any unreasonable delay in the assertion of the matters on which he now relies, *not for the purpose of holding that delay is any waiver of constitutional right, but for the purpose of determining the credibility and good faith of the plaintiff.*" (Emphasis supplied.)

In *Tuel v. Gladden*, 234 Or 1, 379 P2d 553 (1963), a 1929 conviction was challenged in a post-conviction proceeding. The court said:

> "Thirty years after his conviction the defendant petitioned for a writ of habeas corpus. The lapse of 30 years is no

---

[1] Oregon Laws 1989, chapter 1053, section 18 amended ORS 138.510(2) to establish a 120-day limitation for post-conviction proceedings.

bar to relief if it is otherwise in order. The petition was amended and became a petition for post-conviction relief." 234 Or at 3.

We think that "without limit in time" means just that. We conclude that the doctrine of laches does not apply to post-conviction proceedings in Oregon. In analyzing ORS 138.510(2), the drafters of the Act said:

> "This provision adopts existing law in placing no time limit upon the institution of postconviction proceedings. No postconviction remedy previously existing in Oregon was subject to a time limit. Although the Illinois act limits the time for bringing a postconviction petition to five years from the date of the sentence, such a limitation may have harsh results. A layman convicted of a crime may be unaware of legal remedies for procedural defects in his conviction until the limited time has expired. Although some prisoners may abuse the no-time-limit provision by withholding petitions until evidence has disappeared or key witnesses have died, this situation may be met by the liberal exceptions to the hearsay rule provided in sections 13 and 20." Collins and Neil, "The Oregon Postconviction-Hearing Act," 39 Or L Rev 337, 360 (1960). (Footnotes omitted.)

According to the drafters, the remedy for delay is in the liberal hearsay exceptions, not in laches.

Because laches does not apply in post-conviction cases, the trial court erred in dismissing the case.

Reversed and remanded.